

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00418-CV

IN RE ERIC CARL THRASHER, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

December 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator Eric Carl Thrasher has petitioned this Court for a writ of mandamus granting a motion allegedly pending before the Honorable Pamela C. Sirmon, 320th District Court, Potter County Texas (trial court). Through that motion, he sought release from prison because his sentence allegedly had been served. As said in the last paragraph of the petition for mandamus relief, we are asked to "grant relief and order [his] immediate release and discharge from TDCJ-CID." We deny the petition.

If Thrasher is asking us to order the trial court to grant a motion pending before it, we may not do that. Our mandamus authority does not include the ability to tell the trial court how to rule on a matter pending before it. *See In re Minnfee*, No. 07-09-0005-CV, 2009 Tex. App. LEXIS 332, at *2 (Tex. App.—Amarillo Jan. 16, 2009, orig. proceeding)

(per curiam); *In re Rey*, No. 07-02-0104-CV, 2002 Tex. App. LEXIS 1673, at *2 (Tex. App.—Amarillo Mar. 6, 2002, orig. proceeding) (per curiam).

If he is asking that we grant the motion, that too falls outside our mandamus authority. This is so because our authority encompasses the ability to act when the relator illustrates that 1) the trial court clearly abused its discretion, and 2) he (the relator) lacks an adequate remedy at law. *In re Overhead Garage Door, LLC*, No. 07-18-00015-CV, 2018 Tex. App. LEXIS 1334, at *3–4 (Tex. App.—Amarillo Feb. 16, 2018, orig. proceeding) (mem. op.). Where the trial court has yet to rule, it has yet to render a decision purportedly constituting an instance of abused discretion. This is not to say that a trial court's unreasonable delay in acting on the motion itself may not result in an example of abused discretion potentially warranting mandamus relief. *See In re Rey*, 2002 Tex. App. LEXIS 1673, at *2–4 (describing when an appellate court may intercede when a trial court delays in acting upon a motion). However, Thrasher has not asked that we direct the court to act on the motion; nor has he satisfied the requisites described in *Rey* entitling him to that mode of relief.

The petition for writ of mandamus is denied.

Per Curiam